IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL DEWAYNE CONNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-0373-TFM-MU |
| ) | |
| SEAN P. COSTELLO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

On December 6, 2024, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 7). The motion was referred to the undersigned Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). (Doc. 4). For the reasons set out below, it is **RECOMMENDED** that Defendants' motion be **GRANTED,** and this action be dismissed in its entirety.

**I. BACKGROUND & COMPLAINT ALLEGATIONS**

Sean P. Costello was appointed U.S. Attorney for the Southern District of Alabama on February 27, 2021, by the Acting Attorney General, pursuant to 28 U.S.C. § 546(a). By statute, Mr. Costello's appointment could last for only 120 days. 28 U.S.C. § 546(c). (*See also* Doc. 1, PageID.2; Doc. 6, PageID.15-16). On June 27, 2021, following the 120-day expiration, the United States District Court appointed Mr. Costello as the U.S. Attorney under 28 U.S.C. § 546(d). (Doc. 6, PageID.16). To date, there has been "no presidentially appointed U.S. Attorney . . . confirmed for the Southern District of Alabama." (Doc. 1, PageID.2).

A four-count indictment was issued by the grand jury in the Southern District of Alabama against Plaintiff Daniel Dewayne Conner ("Plaintiff" or "Conner") on April 26, 2023.[1] (Doc. 1, PageID.2; Doc. 7, PageID.2; *see also* 1:23-cr-00085-JB-N, Doc. 1). The indictment was signed by Assistant United States Attorney Gloria Bedwell and United States Attorney Sean P. Costello ("U.S. Attorney Costello"). (*Id*.; *see also* 1:23-cr-00085-JB-N, Doc. 1, PageID.6-7). Conner plead guilty pursuant to a written plea agreement to Count Three of the indictment, possession of a firearm by a prohibited person (felon), in violation of 18 U.S.C. § 922(g)(1). (Doc. 7, PageID.2; *see also* 1:23-cr-00085-JB-N, Doc. 195). On September 16, 2024, the Court entered an order finding Conner guilty. (*Id*.; *see also* 1:23-cr-00085-JB-N, Docs. 195, 197). On October 7, 2024, after pleading guilty, Conner filed a motion in his criminal case to dismiss his indictment, alleging that U.S. Attorney Costello was not properly appointed and that defect rendered his indictment, arrest, incarcerations, and all subsequent proceedings void. (*Id*.; *see also* 1:23-cr-00085-JB-N, Doc. 207). On October 31, 2024, after a hearing on the issue, Chief Judge Beaverstock orally denied Plaintiff's motion to dismiss the criminal case as frivolous. (*Id*.; *see also* 1:23-cr-00085-JB-N, electronic entry dated 10/31/2024). Chief Judge Beaverstock also denied Plaintiff's request to reconsider the Court's oral ruling denying his motion to dismiss. (*Id*.; *see also* 1:23-cr-00085-JB-N, Docs. 212, 213, 215,

---

[1] Because Plaintiff's claims originate from the criminal charges brought against him, the undersigned takes judicial notice of documents filed in his criminal case, *United States of America v. Daniel Dewayne Conner*, Case No.1:23-cr-00085-JB-N, as referenced by Plaintiff in his complaint and Defendants in their motion to dismiss. *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (finding a court may take judicial notice of its own records and the records of other federal courts).

216, 217, 219). Judgment was entered in the case on February 26, 2025, and Conner was sentenced to prison for a term of 180 months. (*See* 1:23-cr-00085-JB-N; Doc. 249).

On October 9, 2024, while the motion to dismiss his indictment was pending in his criminal case, Conner filed this civil action against U.S. Attorney Sean P. Costello and the United States Attorney's Office (USAO), alleging violations of 18 U.S.C. §§ 241 and 242 and the Due Process Clause of the Fifth Amendment based on the assertion that U.S. Attorney Costello was improperly appointed pursuant to the Appointments Clause of the Constitution. (Doc. 1). Conner requests that this Court declare U.S. Attorney Costello's actions violated the Fifth Amendment and 18 U.S.C §§ 241 and 242; declare that the indictment brought against him is null and void; issue an injunction prohibiting Defendants from continuing prosecution or further legal action against Conner under the unlawful indictment; issue an injunction prohibiting the USAO from initiating or continuing any prosecutions without a duly appointed U.S. Attorney in compliance with the Appointments Clause and 28 U.S.C. § 541; and award him damages in the amount of $2,500 per day beginning April 20, 2022 through the date of his release from unlawful incarceration. (*Id*., PageID.4-5).

Defendants moved to dismiss Plaintiff's action against them for failure to state a claim. (Docs. 7, 10). Defendants contend that U.S. Attorney Costello was lawfully appointed under 28 U.S.C. § 546, which does not violate the Appointments Clause. (Doc. 7). Defendants further contend that Plaintiff's indictment is valid regardless of the validity of U.S. Attorney Costello's appointment and that Plaintiff has no private right of action under the criminal statutes cited in his complaint. (*Id*.). Plaintiff responded in opposition to the motion, challenging whether Costello is the U.S. Attorney, "Acting"

U.S. Attorney, or "Interim" U.S. Attorney; whether U.S. Attorneys are characterized as "principal" or "inferior" officers for purposes of the Appointments Clause, and whether Costello's continuous appointment by the district court (rather than the executive branch) is constitutional. (Docs. 9, 11, 12, 13). After substantial briefing by the parties, this motion is ripe for consideration.

## II. <ins>STANDARD OF REVIEW</ins>

Defendants move to dismiss all claims against them for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court utilizes the following standard when deciding a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This standard asks for more than a sheer possibility that a defendant has acted unlawfully. That is, factual allegations must be enough to raise a right of relief above the speculative level, and must be a plain statement possessing enough heft to show that the pleader is entitled to relief. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory allegations or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. In addition to the foregoing, a complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim or when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.

*WM Mobile Bay Envtl. Center, Inc. v. City of Mobile*, No. 18-0429-KD-MU, 2019 WL 759294, *1 (S.D. Ala. Feb. 1, 2019), *adopted by* 2019 WL 722850, *1 (S.D. Ala. Feb. 20, 2019) (internal quotations and citations omitted).

4

## III. <u>DISCUSSION</u>

Plaintiff has raised concerns in his complaint regarding the constitutionality of judicially appointed U.S. Attorneys pursuant to 28 U.S.C. § 546. As applied to him, he asserts that his indictment was invalid, and prosecution defective, because U.S. Attorney Costello was appointed, not by the U.S. President as provided by the Appointments Clause and 28 U.S.C. § 541, but by the Attorney General and, later, the District Court, pursuant to the "Vacancies" provision of 28 U.S.C. § 546.

The Court starts with the foundational premise, which is at the crux of Conner's complaint, that "[a] district court lacks jurisdiction to entertain a criminal case if it appears that the Government lacked power to prosecute the defendant." *United States v. Suescun*, 237 F.3d 1284, 1287 (11th Cir. 2001) (internal quotation and citation omitted). Issues regarding the appointment of prosecuting attorneys, however, do not generally affect the government's power to prosecute or the court's jurisdiction over the case. *Davis v. United States*, No. 23-12420, 2025 WL 1202081, at *11 (11th Cir. Apr. 25, 2025)[2] ("Issues related to the appointment of prosecuting attorneys, however, generally 'do[ ] not affect the Government's power to prosecute,' and thus do not 'deprive the district court of jurisdiction.'" (quoting *Suescun*, 237 F.3d at 1287)). In *Suescun*, the Eleventh Circuit was presented with a challenge to an indictment obtained by a temporary U.S. Attorney. While the Court determined that petitioner had waived his claim because he failed to raise it before trial under Fed. R. Crim. P. 12(b), the Court

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const.*, Inc., 487 F.3d 1340, 1345 (11th Cir. 2007).

5

declared that "even if [it] were to assume that [the U.S. Attorney's] appointment as temporary United States Attorney was invalid – because it was not made in conformance with the Appointments Clause – [the Court would] conclude that the appointment did not deprive the district court of jurisdiction to entertain the case and to adjudicate Suescun guilty of the charged offenses." 237 F.3d at 1288; *see also United States v. Easton*, 937 F.2d 160, 162 (5th Cir. 1991) (district court had jurisdiction over case even though the indictment was signed by an Assistant US Attorney at the direction of a U.S. Attorney who had been disqualified from participating in prosecution of the case); *United States v. Fitzhugh*, 78 F.3d 1326, 1330 (8th Cir. 1996) (abrogated on other grounds) (government's power to prosecute was not affected by indictment obtained by Independent Counsel who may have exceeded authority).

"An indictment invokes the district court's subject-matter jurisdiction [to hear a case] so long as it 'charges the defendant with violating a valid federal statute as enacted in the United States Code' and thus 'alleges an offense against the laws of the United States.'" *Davis*, 2025 WL 1202081, at *11 (quoting *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019)) (quotation marks omitted in original). Valid indictments must "be signed by an attorney for the government[,]" which is defined, in part, as "a United States attorney or an authorized assistant ...." Fed. R. Crim. P. 7(c)(1), 1(b)(1)(B). Here, Conner was prosecuted pursuant to a grand jury indictment that was signed by Assistant U.S. Attorney Gloria Bedwell, as well as U.S. Attorney Costello. (*See* 1:23-cr-00085-JB-N, Doc. 1, PageID.6-7.). There is no dispute that Assistant U.S. Attorney Gloria Bedwell, who signed the indictment, fits the of definition of an "attorney for the government." Therefore, because Conner's sole challenge to the

6

indictment is based on the authority of U.S. Attorney Costello to execute it, his claim fails. The law in this Circuit is well-settled that any question concerning the U.S. Attorney's proper appointment under the facts of this action do not affect the government's power to prosecute and the district court's jurisdiction over his criminal case. *Suescun*, 237 F.3d at 1287 (determining that the appointment of a U.S. Attorney, like Costello, "that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute.").

Because the constitutionality of U.S. Attorney Costello's appointment has no bearing on the lawfulness of Conner's indictment, his "as applied" challenge to 28 U.S.C. § 546 fails. Moreover, Conner lacks standing to challenge the legality of U.S. Attorney Costello's appointment because the relief requested would not redress any injury he claims to have suffered or any he indicates he may suffer in the future. *See United States v. Baker*, 504 F.Supp.2d 402, 418 (E.D. Ark. 2007) ("Defendant does not have standing to challenge the legality of [the U.S. Attorney's] appointment because the relief requested (a declaration that that appointment is unconstitutional under Article II § 2 Clause 2, and under 28 U.S.C. § 541(a-b) or both) would not redress any injury claimed to have been suffered by him, or which might be suffered by him in the future. Any illegality or infirmity in the appointment of [the U.S. Attorney] has no bearing or impact upon the prosecution of the Defendant or upon the legality of any prosecutorial decision made in the course of that prosecution.").

To bring a suit in federal court, a plaintiff must have standing to bring his claim. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004). To establish standing, a plaintiff must meet both the constitutional and prudential standing requirements. *See*

7

*Bennett v. Spear,* 520 U.S. 154, 162 (1997). Prudential standing explores whether the plaintiff is attempting to assert his own legal rights and interests, or those of a third party. *See Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994); *St. Paul Fire & Marine Ins. Co. v. Labuzan,* 579 F.3d 533, 539 (5th Cir. 2009). Indeed, "[t]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Elend v. Basham,* 471 F.3d 1199, 1205 (11th Cir. 2006) (internal quotation marks and citation omitted). To establish that he has standing, a plaintiff must show that: (1) he has suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Wooden v. Bd. of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1273–74 (11th Cir. 2001). "These three elements are the irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." *Id.* at 1274 (internal quotation marks and citations omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue." *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir.2006) (citations and internal quotation marks omitted). A party invoking federal jurisdiction bears the burden of showing standing by establishing, amongst other things, that they have suffered an "injury in fact" - that is, a "concrete and particularized," "actual or imminent" "invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

Again, pursuant to Eleventh Circuit law, Conner's indictment is valid regardless of

the legality of Costello's appointment as the U.S. Attorney for the Southern District of Alabama. Consequently, Conner has not and cannot establish standing on his own behalf to bring a facial challenge to 28 U.S.C. 546. Moreover, Conner, a *pro se* litigant, may not bring his challenge that appointments pursuant to 28 U.S.C. § 546 violate the Appointments Clause of the Constitution on behalf of others. *Hand v. Bibeault*, 400 F. App'x 526, 528 (11th Cir. 2010) ("In the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'" (quoting 28 U.S.C. § 1654)). Indeed, "'[t]he right to appear *pro se* ... is limited to parties conducting "their own cases," and does not extend to non-attorney parties representing the interests of others.'" *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) (citations omitted). Thus, Conner's claim is due to be dismissed as the court lacks jurisdiction to hear it.

  The undersigned pauses to note that Conner's constitutional challenges regarding appointments made under 28 U.S.C. § 546 are not frivolous. The Supreme Court has recognized that the Appointments Clause "is more than a matter of 'etiquette or protocol'; it is among the significant structural safeguards of the constitutional scheme. By vesting the President with the exclusive power to select the principal (noninferior) officers of the United States, the Appointments Clause prevents congressional encroachment upon the Executive and Judicial Branches." *Edmond v. U.S.*, 520 U.S. 651, 659 (1997) (citing *Buckley v. Valeo*, 424 U.S. 1, 128-131 (1976)). However, and pertinent here, Congress is granted specific authority within the clause to appoint inferior officers of the United States; yet, to date, no definitive test has been established to define an "inferior" officer. *See id.* at 661-63 (noting that *Morrison* did not purport to set forth a definitive test for whether an office is 'inferior' under the

Appointments Clause," and finding "that 'inferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate"); *see also United States v. Arthrex, Inc.*, 594 U.S. 1, 27 (2021) ("Today, we reaffirm and apply the rule from *Edmond* that the exercise of executive power by inferior officers must at some level be subject to the direction and supervision of an officer nominated by the President and confirmed by the Senate."). Indeed, Conner is not the first to raise such a challenge; however, "[t]he courts that have examined the issues [Conner] raises have uniformly rejected the challengers' arguments." *U.S. v. Baldwin*, 541 F.Supp.2d 1184, 1205 (D. N.M. 2008); *see id*. at 1205-13 (discussing dismissals of similar claims from various courts).

To the extent Conner seeks relief under 18 U.S.C. §§ 241 ("Conspiracy against rights") and 242 ("Deprivation of rights under color of law"), he fares no better. Sections 241 and 242 provide criminal penalties for the deprivation of rights secured by the Constitution and its law, like the statutes' civil counterpart 42 U.S.C. § 1983. *O'Berry v. State Attorneys Office*, 241 F. App'x 654, 657 (11th Cir. 2007). "Plaintiffs generally cannot pursue civil claims based on violations of a criminal statute unless the criminal statute itself creates a private right of action." *Govan v. U.S. Dep't of Veterans Affairs*, 787 F. App'x 599, 602 (11th Cir. 2019); *see also Clark v. Mallard*, No. CV617- 138, 2017 WL 5617507, *1 (S.D. Ga. Nov. 1, 2017) ("Private citizens are simply not permitted to initiate criminal actions in federal court."). Courts in the Eleventh Circuit have specifically held that there is no private right of action to bring civil claims pursuant to 18 U.S.C. §§ 241 and 242. *See, e.g., Moni v. Volusia County, Corp.*, 717 F. App'x

976, 977 (11th Cir. 2018) (holding that a plaintiff failed to state a claim for relief under 18 U.S.C. § 241 and 242 because "none of these statutes provide a private right of action"); *Burrell v. Infirmary West*, No. 09-00325-KD-B, 2010 WL 749332, *4 (S.D. Ala. March 1, 2010) (dismissing a plaintiff's civil claims under Sections 241 and 242 because they do not create a private right of action). Here, Conner has no private right of action under 18 U.S.C. §§ 241 or 242, and he cannot proceed with a civil claim based on those statutes. Consequently, Conner has failed to state a claim under §§ 241 and 242, and his claims should be dismissed.

### IV. CONCLUSION

Conner has failed to state a claim upon which relief may be granted. Without deciding the lawfulness of U.S. Attorney Costello's appointment, the Court concludes Conner was prosecuted pursuant to a valid, lawful indictment. Consequently, he lacks standing to bring a facial challenge to 28 U.S.C. § 546, and the Court will not render an advisory opinion. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.") (citation omitted). Moreover, Conner may not pursue a civil claim based on violations of criminal statutes, 18 U.S.C. §§ 241 and 242. For these reasons, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED**, and Plaintiff's complaint be **DISMISSED** in its entirety with prejudice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1st** day of **August**, **2025**.

                                                s/P. BRADLEY MURRAY
                                                UNITED STATES MAGISTRATE JUDGE